UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-cr-21 |
| : | |
| BENJAMIN MICHAEL SHULER, : | |
| : | |
| Defendant. : | |

**JOINT MOTION TO CONTINUE TRIAL
AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Benjamin Shuler, by and through counsel, respectfully move this Court to continue trial until April 22, 2025 and to exclude time under the Speedy Trial Act between the previously scheduled October 15, 2024 trial date and the new trial date.

**BACKGROUND**

In support of this request, the parties submit the following: Defendant was arrested on a complaint on August 14, 2023 for alleged violations of federal law arising from Defendant's conduct at the U.S. Capitol on January 6, 2021. Doc. 1. Specifically, the complaint alleges that the defendant violated 18 U.S.C. §§ 231(a)(3) (Civil Disorder); 111(a)(1) (Assaulting, Resisting, Impeding Certain Officers); 1752(a)(1), (a)(2), (a)(4) (Entering and Remaining in a Restricted Building or Grounds, Disorderly Conduct in a Restricted Building or Grounds, and Physical Violence in a Restricted Building or Grounds); and 40 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(F) (Disorderly or Disruptive Conduct on Capitol Grounds), and Act of Physical Violence on Capitol Grounds and Physical Violence on Capitol Grounds). *See id.*

Defendant was brought before a United States Magistrate Judge in the Southern District of Ohio the same day and appeared with retained counsel. *See* S.D. Ohio 2:23-mj-492. At that time,

Defendant (who is in state custody on unrelated charges) waived his anti-shuttling rights under the Interstate Agreement on Detainers ("IAD"). *See* S.D. Ohio 2:23-mj-492, Doc. 3.

On January 10, 2024, a federal grand jury returned an indictment charging Defendant with the same crimes alleged in the complaint. *See* Doc. 10.

Between January and June 2024, the parties negotiated in good faith to resolve this case short of trial. *See* Docs. 19 and 20. When it became clear that the parties could not reach a resolution of this case short of trial, the Court (Berman Jackson, J.) set this matter for trial beginning October 15, 2024. *See* 7/1/2024 Minute Entry. The case was subsequently transferred to this Court. *See* Doc. 22.

On August 22, 2024, defense counsel moved to withdraw from the case. *See* Doc. 26. Appointed counsel then appeared in this matter on September 20, 2023. *See* Docs. 27 and 29. On August 26, 2024, the government re-issued all discovery to new counsel that was previously tendered to the defendant's prior counsel. The government also disclosed a preliminary exhibit list and Rule 404(b) notice at the same time.

The parties have met and conferred about an appropriate trial date in this matter. Given the serious nature of the charges and the need to fully review discovery in this matter, the parties jointly propose setting trial for April 22, 2025. The parties have also conferred with the Court's courtroom deputy, who confirmed that this date is available for this trial. In the alternative, the parties propose April 1, 7, or 14, or March 3 for this trial.

In addition, after reviewing the Court's sample standing order for criminal cases, the parties propose that the following pretrial deadlines govern this case:

- Motions in Limine: March 31, 2025
    - Responses to Motions in Limine: April 9, 2025

- o   Replies to Motions in Limine: April 12, 2025

- Joint Pretrial Statement: April 7, 2025

- Pretrial conference: April 15, 16, or 17, 2025

- Trial: April 22, 2025 at 9:00 a.m.

## SPEEDY TRIAL ACT

Pursuant to the Speedy Trial Act, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

    (ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

    . . .

    (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).

Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing §3161(h)(7)(B)(ii), (B)(iv)). An interests of justice finding is within the discretion of the Court. *See, e.g.*, *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Defense counsel has only recently made an appearance in this case and requires time to review discovery and appropriately prepare for trial. The investigation of the Siege of the Capitol on January 6, 2021 (hereinafter, "the Capitol Siege") is likely the most complex investigation ever prosecuted by the Department of Justice. Given the volume of information contained in case-specific discovery, and the terabytes of information in the global discovery available to all defendants, it will take time to search and review discovery materials.

The undersigned has consulted with defense counsel who agrees to the filing of this motion as a joint motion to continue trial and to exclude time under the Speedy Trial Act between October 15, 2024 and any new trial date in April 2025.

## CONCLUSION

WHEREFORE, the parties jointly move the Court to continue trial to April 22, 2025 and to exclude time under the Speedy Trial Act between October 15, 2024 and the new trial date.

          Respectfully submitted,

          MATTHEW M. GRAVES
          United States Attorney
          D.C. Bar No. 481052

By:    /s/ Katherine E. Boyles
          Katherine Boyles
          Assistant United States Attorney
          D. Conn. Fed. Bar No. PHV20325
          Katherine.Boyles@usdoj.gov
          Phone: 203-931-5088
          601 D Street NW
          Washington, D.C. 20001